**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **PRIMELENDING, A PLAINSCAPITAL COMPANY and HILLTOP HOLDINGS INC.,** | **Civil Action No. 4:26-cv-00635** |
| **Plaintiffs,** | |
| **v.** | **JURY TRIAL DEMANDED** |
| **PRIME HOME LENDING, LLC,** | |
| **Defendant.** | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff PrimeLending, a PlainsCapital Company and Hilltop Holdings Inc. (collectively, "Plaintiff"), by and through their undersigned attorneys, file this Complaint for Trademark Infringement against Prime Home Lending, LLC ("Defendant") and allege, on knowledge as to their own actions and otherwise upon information and belief, as follows:

**NATURE OF THE ACTION**

1.      Plaintiff's claims arise out of Defendant's infringement of Plaintiff's federal and common law rights in and to the word mark PRIMELENDING (the "PRIMELENDING Mark"). Since at least as early as 2003, Plaintiff has used the current version of the PRIMELENDING Mark in connection with its financial services, including mortgage lending, mortgage planning, mortgage refinancing, and home equity loan services.

2.      Despite being made aware of the PRIMELENDING Mark and the strong goodwill associated therewith, Defendant is using a confusingly similar trademark (the "PRIME HOME LENDING Mark"), in connection with the provision of its own residential mortgage origination services.

1

3. Defendant has used the PRIME HOME LENDING Mark to promote its services on its website, on its social media pages, in aggressive telemarketing campaigns, and in other advertising and promotional materials to identify and build goodwill in its brand.

4. Defendant's use of the PRIME HOME LENDING Mark has caused actual consumer confusion with Plaintiff's own use of its PRIMELENDING Mark, which is harmful to both Plaintiff and the consuming public.

5. Defendant's continued use of the PRIME HOME LENDING Mark is likely to cause further consumer deception as to the affiliation, connection, or association of Defendant with Plaintiff, or further deception as to the origin, sponsorship, or approval of the services and commercial activities of Defendant by Plaintiff. This is particularly true given the strength of the PRIMELENDING Mark, Defendant's use of an almost identical mark, and the fact that both parties provide mortgage origination and related services. In light of the strong goodwill that the PRIMELENDING Mark has obtained throughout this District and nationwide, consumers are likely to mistakenly believe that Defendant is, among other things, an affiliate of Plaintiff, or otherwise connected to or associated with Plaintiff, due to its use of the PRIME HOME LENDING Mark for the same or similar types of services.

6. For these reasons, and as explained further below, Plaintiff seeks permanent injunctive relief to stop Defendant's infringing activity, as well as monetary damages to compensate Plaintiff for the harm suffered as a result of Defendant's use of the PRIME HOME LENDING Mark in connection with the promotion and offering of mortgage origination and related services in violation of Plaintiff's prior rights in its PRIMELENDING Mark.

## PARTIES

7. Plaintiff PrimeLending, a PlainsCapital Company ("PrimeLending") is a Texas Corporation with its principal place of business at 18111 Preston Road, Suite 900, Dallas, TX

75252. PrimeLending is a licensee of the PRIMELENDING Mark.

8.      Plaintiff Hilltop Holdings Inc. ("Hilltop") is a Maryland corporation with its principal place of business at 6565 Hillcrest Avenue, Dallas, TX 75205. Hilltop is the parent company of PrimeLending and is the owner of the PRIMELENDING Mark.

9.      Defendant Prime Home Lending, LLC is a Michigan limited liability company with its principal place of business at 24725 W. 12 Mile Road, Suite 316, Southfield, MI 48034.

## JURISDICTION AND VENUE

10.      This action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1116 and 1121, and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

11.      The Court has supplemental jurisdiction over the Texas statutory claim for injury to business reputation and dilution pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because the claim is related to the federal claims and forms part of the same case or controversy as it derives from a common nucleus of facts.

12.      This Court has personal jurisdiction over Defendant because, among other reasons, Defendant is licensed and doing business in the state of Texas and in this District, and because of Defendant's systematic and continuous contacts with the state of Texas and this District.

13.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because, among other reasons, Defendant is doing business and committing the alleged acts of trademark infringement in this District.

## FACTUAL BACKGROUND

### Plaintiff's Mortgage Lending Services and the PRIMELENDING Mark

14.      Founded in 1986, PrimeLending is a national residential mortgage originator and provider of home loans, home renovation loans, and mortgage refinancing.

15. PrimeLending is registered with the Nationwide Multi-State Licensing System and Registry (NMLS) to provide mortgage origination services.

16. Since at least as early as 2003, PrimeLending has used the current version of the PRIMELENDING Mark in connection with its financial services, including mortgage lending, mortgage planning, mortgage refinancing, and home equity loan services.

17. On September 15, 2016, PrimeLending applied for a federal trademark registration for the PRIMELENDING Mark for use in connection with: (a) financial services, namely, mortgage lending services, mortgage planning, mortgage refinancing, and home equity loan services; providing information in the field of mortgage lending services, mortgage planning, mortgage refinancing, and home equity loan services in Class 36; and (b) educational services, namely, providing classes, seminars, workshops, and non-downloadable webinars in the field of mortgage lending services, mortgage planning, mortgage refinancing and home loan services and the distribution of written course materials in connection therewith; providing a website featuring blogs in the field of mortgage lending services, mortgage planning, mortgage refinancing, home loan services and general interest stories in Class 41.

18. On October 31, 2017, the United States Patent and Trademark Office registered the PRIMELENDING Mark under U.S. Trademark Reg. No. 5,325,901. A copy of the trademark certificate of registration is attached as Exhibit A.

19. U.S. Trademark Reg. No. 5,325,901 for the PRIMELENDING Mark has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. As such, under 15 U.S.C. § 1115(b), such registration serves as conclusive evidence of the validity of the PRIMELENDING Mark and its registration, of Plaintiff's ownership of the PRIMELENDING

4

Mark, and of Plaintiff's exclusive right to use the PRIMELENDING Mark in commerce with the provision of the registered mortgage lending and related services.

20.    On September 15, 2016, PrimeLending applied for a federal trademark registration for the PRIMELENDING Mark for use in connection with downloadable software for managing user information, reviewing loan status information, messaging, submitting loan inquiries, receiving notifications, and gathering information for use in the field of mortgage lending services and home loan services in Class 9.

21.    On May 15, 2018, the United States Patent and Trademark Office registered the PRIMELENDING Mark under U.S. Trademark Reg. No. 5,470,433. A copy of the trademark certificate of registration is attached as Exhibit B.

22.    U.S. Trademark Reg. No. 5,470,433 for the PRIMELENDING Mark has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. As such, under 15 U.S.C. § 1115(b), such registration serves as conclusive evidence of the validity of the PRIMELENDING Mark and its registration, of Plaintiff's ownership of the PRIMELENDING Mark, and of Plaintiff's exclusive right to use the PRIMELENDING Mark in commerce with the provision of the registered software for use in mortgage lending and related services.

23.    Plaintiff owns and has maintained its federal and common law trademark rights in the PRIMELENDING Mark by virtue of its consistent and continuous bona fide use in commerce of the PRIMELENDING Mark in connection with the provision of its mortgage lending and related services.

24.    PrimeLending uses the PRIMELENDING Mark to advertise its services, including, but not limited to, providing online ads, maintaining social media pages, and maintaining a website at https://www.primelending.com/.

25.    An image of Plaintiff's PRIMELENDING Mark as used on the PrimeLending website is shown below:



*See* https://www.primelending.com/.

26.    As a result of its consistent and continuous use of the PRIMELENDING Mark, PrimeLending has established strong goodwill associated with its business and has attained significant consumer recognition in the marketplace due to the high quality of PrimeLending's services.

27.    Recently, PrimeLending was named the 2025 Best-in-Class Lender for Overall Satisfaction in the large independent lender segment by MortgageCX, earning the program's top honor based on verified borrower feedback. A copy of PrimeLending's press release, announcing this award, is attached as Exhibit C.

### Defendant's Mortgage Origination Services and Use of the PRIME HOME LENDING Mark

28.    Plaintiff recently became aware that Defendant is promoting and providing its own mortgage origination and related services using the PRIME HOME LENDING Mark.

29.    Like PrimeLending, Defendant is registered with the Nationwide Multi-State Licensing System and Registry (NMLS) to provide mortgage origination services.

30.    On information and belief, Defendant began using the PRIME HOME LENDING Mark to promote its services in 2024, over 20 years after PrimeLending began using the current version of its PRIMELENDING Mark.

31.    Defendant is using the PRIME HOME LENDING Mark to promote its services on

its website at https://www.primehomelend.com/, on its social media pages, and in aggressive telemarketing campaigns.

32.    The following screenshot, taken from Defendant's website homepage, describes Defendant's mortgage related services offered under the "Prime Home Lending" name:

## Prime Home Lending - Purchase & Refinance Residential Loans

Hello! I'm thrilled to introduce myself as a dedicated mortgage loan officer at Prime Home Lending. With a passion for helping individuals and families achieve their homeownership dreams, I am committed to providing tailored loan solutions that meet the unique needs of each client. Whether you're a first-time homebuyer, self-employed, or seeking to refinance your current mortgage, I am here to guide you through the process with expertise and care.

At Prime Home Lending, we specialize in a wide range of loan types, ensuring that we have the perfect fit for every situation. From FHA and VA loans to jumbo and conventional options, we offer a diverse array of mortgage solutions to cater to various financial needs and goals. Additionally, our Non-QM loans provide flexibility for clients who may not meet traditional lending criteria, opening up possibilities that other lenders may not offer.

In addition to our comprehensive loan options, Prime Home Lending is dedicated to making the refinancing process simple and beneficial for our clients. Whether you're interested in an FHA Streamline, VA Cash Out, or conventional refinance, we have the expertise to guide you through the options and find the best fit for your financial goals. Our goal is to help each client maximize the potential of their home investment and achieve greater financial stability through refinancing.

Furthermore, Prime Home Lending is proud to offer a variety of additional products and programs to serve the diverse needs of our clients. From self-employed and first-time homebuyer loans to 100% financing and ITIN loans, we are committed to providing inclusive and accessible mortgage solutions. Our team understands that every clients situation is unique, and we are dedicated to finding creative and personalized solutions to meet their needs.

At Prime Home Lending, we understand the importance of serving clients across the United States, including in Michigan. Our commitment to excellence and personalized service knows no bounds, and we are excited to bring our expertise and dedication to clients across the state, wherever they may be. I am passionate about helping individuals and families achieve their homeownership and financial goals, and I look forward to the opportunity to serve and support you on your journey to homeownership.

*See* https://www.primehomelend.com/https://www.maxlite.com/products/recessed-architectural-downlights-rad-series/https://gmv-na.com/mrl-traction-elevator/.

### Actual Consumer Confusion and Reputational Harm to Plaintiff

33.    Defendant's use of the PRIME HOME LENDING Mark has caused actual confusion in the marketplace and reputational harm to Plaintiff. Because of the confusingly similar names, consumers mistakenly believe that Defendant's activities and services are provided by, affiliated with, sponsored by, or endorsed by Plaintiff, which is false.

34.     PrimeLending recently received multiple consumer complaints from individuals who were receiving nonstop, aggressive telemarketing calls. Each of the individuals mistakenly believed that PrimeLending had been making the unsolicited telemarketing calls.

35.     PrimeLending investigated each of these consumer complaints and found that the aggressive telemarketing calls were coming from callers representing "Prime Home Lending."

36.     Investigating further, PrimeLending found numerous consumer complaints against Defendant's business practices, including aggressive calling practices, repeated outreach from rotating numbers, and other negative conduct.

37.     Defendant's business practices negatively reflect on PrimeLending's business reputation and tarnish the PRIMELENDING Mark when consumers mistakenly associate Defendant and the PRIME HOME LENDING Mark with PrimeLending and the PRIMELENDING Mark.

### Pre-Lawsuit Notice of Infringement

38.     On or about May 4, 2026, Plaintiff, by and through its attorney, sent a letter to notify Defendant that its wrongful use of the PRIME HOME LENDING Mark has caused actual confusion in the marketplace and reputational harm to Plaintiff. In the letter, Plaintiff informed Defendant of Plaintiff's long-time rights in the PRIMELENDING Mark for the same and related services and demanded that Defendant cease using the PRIME HOME LENDING Mark. A copy of Plaintiff's letter is attached hereto as Exhibit D.

39.     To date, despite acknowledging receipt of Plaintiff's letter, Defendant has refused to stop using the confusingly similar PRIME HOME LENDING Mark.

### Harm to Plaintiff

40.     For decades, Plaintiff has made a significant investment in securing its rights in the PRIMELENDING Mark and in building its brand for its mortgage lending and related services.

41.    Defendant's knowing and intentional use of the confusingly similar PRIME HOME LENDING Mark in connection with the promotion and provision of the same types of services attempts to trade-off of the goodwill and brand recognition associated with Plaintiff's PRIMELENDING Mark, which has been long established in the mortgage lending services industry.

42.    Defendant's knowing and intentional use of the confusingly similar PRIME HOME LENDING Mark has damaged and irreparably injured, and if permitted to continue, will further damage and irreparably injure Plaintiff, the PRIMELENDING Mark, and Plaintiff's reputation and goodwill associated with the PRIMELENDING Mark.

**COUNT I**
**Trademark Infringement Under Section 32(1)(a)**
**of the Lanham Act, 15 U.S.C. § 1114(1)(a)**

43.    Plaintiff re-alleges paragraphs 1 through 42 as though fully set forth herein.

44.    Plaintiff's PRIMELENDING Mark is protected by incontestable U.S. Trademark Reg. Nos. 5,325,901 and 5,470,433 for use in connection with the provision and promotion of mortgage lending and related services.

45.    Without Plaintiff's consent, Defendant has used, continues to use, and is likely to use in commerce the PRIME HOME LENDING Mark in connection with the provision and promotion of mortgage origination and related services, which is likely to cause confusion, or to cause mistake, or to deceive consumers, and thus constitute trademark infringement with respect to the PRIMELENDING Mark in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

46.    Upon information and belief, Defendant's acts of trademark infringement are knowing, intentional, and willful.

47. As a direct and proximate result of Defendant's acts of trademark infringement, Plaintiff is suffering irreparable harm.

48. Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement and will continue to confuse consumers and cause irreparable harm to Plaintiff.

49. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and is entitled to recover from Defendant its profits, all actual damages that Plaintiff has sustained from Defendant's infringement, prejudgment interest, and the costs of the action pursuant to 15 U.S.C. § 1117.

50. Because Defendant's conduct is willful, Plaintiff also is entitled to recover from Defendant treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**COUNT II**
**Trademark Infringement, False Designation of Origin,**
**and Unfair Competition Under Section 43(a)(1)(A)**
**of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)**

51. Plaintiff re-alleges paragraphs 1 through 50 as though fully set forth herein.

52. Defendant's actions described above relating to its use of the PRIME HOME LENDING Mark are likely to cause confusion or mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, or deception as to the origin, sponsorship, or approval of the services and commercial activities of Defendant by Plaintiff, and thus constitute trademark infringement, false designation of origin, and unfair competition with respect to the PRIMELENDING Mark in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

53. Upon information and belief, Defendant's unauthorized use of the PRIMELENDING Mark is knowing, intentional, and willful.

54.     As a direct and proximate result of Defendant's acts of trademark infringement, false designation of origin, and unfair competition, Plaintiff is suffering irreparable harm.

55.     Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement, false designation of origin, and unfair competition and will continue to deceive the public and cause irreparable harm to Plaintiff.

56.     Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and is entitled to recover from Defendant its profits, all actual damages that Plaintiff has sustained from Defendant's infringement, prejudgment interest, and the costs of the action pursuant to 15 U.S.C. § 1117.

57.     Because Defendant's conduct is willful, Plaintiff also is entitled to recover from Defendant treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III
### Common Law Trademark Infringement and Unfair Competition

58.     Plaintiff re-alleges paragraphs 1 through 57 as though fully set forth herein.

59.     Plaintiff's PRIMELENDING Mark is eligible for protection, Plaintiff is the senior user of the PRIMELENDING Mark, and there is likelihood of confusion between Plaintiff's PRIMELENDING Mark and the PRIME HOME LENDING Mark that Defendant is using.

60.     By making unauthorized use of the confusingly similar PRIME HOME LENDING Mark, Defendant is committing trademark infringement and unfair competition in violation of Texas common law and other applicable common law.

61.     Defendant's unauthorized use of the PRIME HOME LENDING Mark is knowing, intentional, and willful.

62.     As a result of Defendant's acts of trademark infringement and unfair competition, Plaintiff is suffering irreparable harm.

11

63.     Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement and unfair competition, and Defendant will continue to confuse the public and cause irreparable harm to Plaintiff.

64.     Plaintiff is entitled to injunctive relief and is entitled to recover from Defendant its profits, all actual damages that Plaintiff has sustained from Defendant's infringement and unfair competition, reasonable attorneys' fees, and the costs of the action.

**COUNT IV**
**Injury to Business Reputation and Dilution Under Tex. Bus. & Com. Code § 16.103**

65.     Plaintiff re-alleges paragraphs 1 through 64 as though fully set forth herein.

66.     Plaintiff owns the PRIMELENDING Mark, which is valid under common law and is also registered under the federal Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

67.     The PRIMELENDING Mark is famous and distinctive in the state of Texas. The PRIMELENDING Mark is widely recognized by the public throughout the state of Texas and/or in the North Dallas area in Texas as a designation of source of Plaintiff's mortgage lending services.

68.     Defendant's commercial use of the PRIME HOME LENDING Mark, including its aggressive telemarketing campaigns and negative business reputation, is likely to cause injury to Plaintiff's business reputation and dilution of Plaintiff's PRIMELENDING Mark in violation Texas statutory law, Tex. Bus. & Com. Code § 16.103.

69.     Defendant's commercial use of the PRIME HOME LENDING Mark and the resulting dilution of the PRIMELENDING Mark is knowing, intentional, and willful.

70.     Plaintiff is entitled to injunctive relief throughout the state of Texas and/or in the North Dallas area in Texas pursuant to Tex. Bus. & Com. Code § 16.103.

71.     Because Defendant's conduct is willful, Plaintiff also is entitled to recover from

Defendant all profits derived from and damages resulting from the wrongful acts, treble profits and damages, and reasonable attorneys' fees pursuant to Tex. Bus. & Com. Code §§ 16.103 and 16.104.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant and in favor of Plaintiff, granting the following relief:

A.    A permanent injunction, enjoining the aforesaid acts of trademark infringement, false designation of origin, unfair competition, injury to business reputation and dilution by Defendant, its owners, executives, officers, agents, servants, employees, and attorneys, and those acting in concert with them, including related individuals and entities, affiliates, customers, and representatives, as follows: (1) requiring them to promptly remove from their advertising materials, promotional materials, websites, social media pages, brochures, publications, telemarking calls, and any other displays or uses of the PRIME HOME LENDING Mark and any other names or marks that are confusingly similar to the PRIMELENDING Mark; (2) prohibiting them from using or advertising any names or marks which incorporate elements of, or which are confusingly similar to, the PRIMELENDING Mark or any confusingly similar names or marks; (3) prohibiting them from selling, offering, promoting, or advertising any products or services using the PRIMELENDING Mark or any confusingly similar names or marks; (4) prohibiting them from otherwise competing unfairly with Plaintiff by trading-off Plaintiff's goodwill and business reputation or by infringing or misappropriating the PRIMELENDING Mark or any confusingly similar names or marks; (5) prohibiting them from stating or suggesting, in any

13

advertising materials, promotional materials, or other materials or communications, that they or their products or services are associated with, related to, approved by, or sponsored by Plaintiff; and (6) prohibiting them from injuring Plaintiff's business reputation or diluting the distinctive quality of Plaintiff's PRIMELENDING Mark;

B.      An award to Plaintiff of Defendant's profits, all actual damages that Plaintiff has sustained from Defendant's infringement, prejudgment interest, and the costs of the action pursuant to 15 U.S.C. § 1117 and Tex. Bus. & Com. Code §§ 16.103 and 16.104;

C.      A finding that Defendant's conduct was willful and that this case is exceptional, and an award to Plaintiff of treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and Tex. Bus. & Com. Code §§ 16.103 and 16.104;

D.      That this Court award Plaintiff its expenses and costs of the action; and

E.      That the Court grant Plaintiff such other and further relief as the Court deems just and proper.

Dated:  June 12, 2026

Respectfully submitted,

/s/ *Amy E. LaValle*
Amy E. LaValle
Texas Bar No. 24040529
alavalle@fbtgibbons.com
**FBT GIBBONS LLP**
Rosewood Court
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 545-3472
Telecopier: (214) 545-3473

***Attorneys for Plaintiffs PrimeLending,***
***a PlainsCapital Company and***
***Hilltop Holdings, Inc.***

0159554.0824272   4898-0704-4270v2